UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

S.C., a minor, by and through next friends,
KELLY COOPER and KRIS COOPER,

        Plaintiff,

v.

NORTH FORK LOCAL SCHOOL
DISTRICT BOARD OF EDUCTAION, *et al.*,

        Defendants.

Civil Action 2:21-cv-626
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Modify the Preliminary Pretrial Order and Amend the Complaint (ECF NO. 19) and Defendants' Memorandum in Opposition (ECF No. 23). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

### I.

On June 11, 2021, this Court issued a Preliminary Pretrial Order ("PPO") (ECF No. 7) setting forth the case schedule deadlines the parties recommended in their Rule 26(f) report (ECF No. 6). That PPO set October 1, 2021, as the deadline for filing motions or stipulations addressing the parties or pleadings. (*Id.*) The Court granted the parties' joint motion for extension of the case schedule, extending the discovery and dispositive motions deadlines to May 2, 2022, and June 3, 2022, respectively. (ECF Nos. 16 and 17.)

On December 2, 2021, Plaintiff filed the instant motion, seeking modification of the case schedule to permit Plaintiff to file an Amended Complaint to add two additional defendants, Mses. Cooperider and Paxton. Plaintiff represents that Defendants produced documents implicating Mses. Cooperider and Paxton after the deadline for amendments to the pleadings. Defendants oppose Plaintiff's motion, arguing that the proposed Amended Complaint is futile.

## II.

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits

rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III.

The Court **GRANTS** Plaintiff's motion for a modification of the case schedule pursuant to Rule 16(b)(4) for good cause shown. Defendants do not contest Plaintiff's representation that notwithstanding Plaintiff's diligence in serving discovery, Plaintiff first learned of information implicating Mses. Cooperider and Paxton after the deadline for amendments to the pleadings expired. Further, Plaintiff did not unreasonably delay in seeking amendment upon learning of Mses. Cooperider's and Paxton's alleged involvement. Finally, Defendants have not identified, and the Court cannot discern, any prejudice Defendants would suffer should amendment be permitted given that the discovery period does not close until May 2, 2022, and dispositive motions are not due until June 3, 2022. *Cf. Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing

3

dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").

The Court now considers the standard set forth in Rule 15(a)(2), which directs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants argue that Plaintiff should be denied leave to amend the Complaint because Plaintiff's proposed Amended Complaint is futile. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the proposed pleading, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011); *see also* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to file the proposed Amended Complaint with the understanding that the other parties are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed."). Accordingly, Plaintiff's motion to amend the complaint is **GRANTED**.

IV.

For the foregoing reasons, Plaintiff's Motion to Modify the Preliminary Pretrial Order and Amend the Complaint (ECF NO. 19) is **GRANTED** without prejudice to Defendants challenged the Amended Complaint by way of a motion to dismiss. The Clerk is **DIRECTED** to file Plaintiff's Amended Complaint, attached to Plaintiff's Motion as Exhibit One (ECF No. 19-1).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE